STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, APPELLANT, v. PIETRO REPOLE AND THERESA REPOLE, HIS WIFE, RESPONDENTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *William A. Stevens,* attorney-general. *Walter H. Bacon, Jr.,* and *Edwin G. Scovel.*

For the respondents, *Charles A. Malloy.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from an order made by the judge of the Mercer County Circuit Court dismissing an appeal in a condemnation proceeding, taken by the state highway commission of the State of New Jersey. The following steps in the cause appear from the record:

On March 22d, 1929, the state highway commission filed a petition for the condemnation of lands of the respondents. On April 16th, 1929, the justice of the Supreme Court of the district appointed condemnation commissioners and fixed the time within which their report should be made as of July 1st, 1929. This date for filing the report was extended to January 1st, 1930. The report of the commissioners, however, was filed on October 28th, 1929, which was within time. The state highway commission, being aggrieved, filed an appeal from the award on December 9th, 1929.

There is nothing in the record to show that the notice of appeal was ever served upon the respondents-landowners, as is required by the Eminent Domain act. *Cf.* 2 *Comp. Stat., p.* 2186, § 11. The fact that the appellant does not assert that the notice of appeal was served upon the property owners, coupled with the fact that the respondents deny that they were served, is persuasive that such notice of appeal was not served.

Incorporated in this notice of appeal was a further notice that application would be made to the Circuit Court of Mercer county on January 14th, 1930, to frame the issue and fix a day for the striking of a jury and likewise fixing a day for trial of the appeal. This motion was not moved on January 14th, 1930, or at any other time. It appears that nothing was done for more than two and a half years until, on June 27th, 1932, an *ex parte* application was made and order allowed continuing the trial of this cause from June 27th, 1932, to the September term of the court, that is, September 19th, 1932. Notice of this order apparently having come to the attention of the property owners, a motion was urged by them to dismiss the appeal on the ground that it "had not been taken, perfected or prosecuted in accordance with the provisions and directions" of the Eminent Domain act, *supra.*

The matter was argued and the court determined that its order made June 27th, 1932, continuing the date for trial, was inadvertently and improvidently made and, consequently, the court signed an order dismissing the appeal "for failure of the appellant to take, perfect and prosecute its appeal in accordance with the provisions and directions" of the statute.

The state highway commission appeals to this court on the ground that the trial court committed harmful error in dismissing the appellant's appeal.

We think the appeal was properly dismissed and that the court below never acquired jurisdiction over the subject-matter of the appeal. In matters of appeal from an award in condemnation, the statute provides, "the appeal shall be taken within ten days after the day limited by the justice as the day on or before which said report shall be filed." Eminent

Domain, section 9, *supra.* There is a further provision, "notice of appeal shall be *served* by the party appealing within ten days after the filing therof or within such further time as the judge of the Circuit Court may, for good cause, grant, by giving a copy thereof to each person entitled to notice, &c." Eminent Domain, section 11, *supra.*

There was no reason advanced to the court or application made for the service of the notice of appeal after the ten-day limitation mentioned in the statute. The notice of appeal was not served at all and the appeal never came within the court's jurisdiction. The court acquires jurisdiction by virtue of the provisions of the statute. When the words of a statute, directing the time for the doing of a particular act, are clear, the provision cannot be deemed merely directory. "A statute giving an appeal from the award of commissioners to the first or second term of the Circuit Court after such award, required notice of such appeal to be given 'two weeks prior to such term' must be strictly complied with." *Proprietors of Morris Aqueducl* ads. *Jones,* 36 *N. J. L.* 206; *affirmed,* 37 *Id.* 556.

This appeal therefore will be dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.