STATE BOARD OF TAX APPEALS.

CITY OF JERSEY CITY, PETITIONER, v. STATE TAX COM-
MISSIONER, DELAWARE, LACKAWANNA AND WEST-
ERN RAILROAD SYSTEM, RESPONDENT.

Decided January 19, 1943.

For the petitioner, *Frank P. McCarthy.*

For the State Tax Commissioner, *Harry A. Walsh.*

For the Delaware, Lackawanna and Western Railroad
System, *Maximilian M. Stallman.*

WAESCHE, President. On June 17th, 1940, the petitioner,
the City of Jersey City, filed its appeal in this matter from
the assessment of second class railroad properties of the Dela-
ware, Lackawanna and Western Railroad System used for
railroad purposes, for taxes due during the year 1940, as
determined by the State Tax Commissioner. The hearing of
this appeal has been adjourned from time to time by consent
of counsel for the respective parties.

At the time of calling the calendar of appeals on Septem-
ber 15th, 1942, the respondent Delaware, Lackawanna and
Western Railroad System moved to dismiss this appeal on
the ground, among others, that the State Board of Tax
Appeals had lost jurisdiction to hear and determine the appeal
because the hearing thereon was not held and. concluded on
or before October 15th, 1940, in accordance with the pro-
visions of *R. S.* 54:26-10; *N. J. S. A.* 54:26-10.

The assessed value of the railroad properties of the respond-
ent Delaware, Lackawanna and Western Railroad System,

which is the subject-matter of this appeal, was finally determined by the State Tax Commissioner and certified to the comptroller of New Jersey on or before June 1st, 1940. (1937, *R. S.* 54:27-1; *N. J. S. A.* 54:27-1.) Any appeal from his final determination had to be taken by filing a written complaint with the State Board of Tax Appeals on or before Monday, June 17th, 1940. (1937, *R. S.* 54:26-7; *N. J. S. A.* 54:26-7.) This appeal should have been heard on or before October 15th, 1940, and the final determination of the State Board of Tax Appeals should have been certified to the State Tax Commissioner between November 1st, and November 5th, 1940. The statute reads as follows:

"The State Board of Tax Appeals shall conclude its hearing on or before the fifteenth day of October following the filing of the complaint, and, between November first and November fifth following, shall certify to the State Tax Commissioner its final determination, and the State Tax Commissioner shall forthwith certify to the State Comptroller all changes and corrections in the assessment and tax." (1937, *R. S.* 54:26-10; *N. J. S. A.* 54:26-10.)

The "Railroad Tax Law of 1941" (chapter 291, *Pamph. L.* 1941), which supersedes the act under which this appeal was taken, provides the same method for assessing second class railroad properties used for railroad purposes, and for taking appeals from the assessments levied by the State Tax Commissioner. Section 34 of the "Railroad Tax Law of 1941" provides as follows:

"The State Board of Tax Appeals shall conclude its hearing on or before the fifteenth day of October following the filing of the complaint, and between November first and November fifth following shall certify to the State Tax Commissioner its final determination."

In an opinion filed on November 4th, 1942, in the case of *Jersey City* v. *William D. Kelly, State Tax Commissioner and New York Central Railroad System et al.,* this Board, in referring to the dates set forth in section 34 of the "Railroad Tax Law of 1941," held that, "all of such dates are mandatory and that this Board must conclude its hearings on or before the fifteenth day of October following the filing of the complaint."

It is the opinion of this Board that this appeal should have been heard and the hearing concluded on or before October 15th, 1940, and since the appeal was not heard before that date, the Board has lost jurisdiction to hear the appeal now.

This appeal is accordingly dismissed and the tax assessments levied by the State Tax Commissioner for the taxes due in the year 1940 against the above named company are affirmed.