MARY SKISLAK, PROSECUTOR–APPELLANT, v. THE CON-
TINENTAL MINING AND SMELTING CORPORATION,
DEFENDANT–RESPONDENT.

Argued November 15, 1948—Decided December 6, 1948.

![redacted]

*Mr. Aaron A. Melniker* argued the cause for prosecutor-appellant.

*Mr. James J. Skeffington* argued the cause for defendant-respondent.

The opinion of the court was delivered by

OLIPHANT, J.  This is a Workmen's Compensation case wherein the dispositive question presented is, did the notice of mo-

tion for a dismissal of the claim petition sufficiently comply with the statutory requirements of *R. S.* 34:15–54? We think it did not.

Prosecutor-appellant filed a petition with the Workmen's Compensation Bureau on October 21, 1943 seeking recovery of compensation for the death of her husband as a result of an alleged accident while employed by defendant-respondent. An answer was filed and the cause first listed for hearing on December 9, 1943. It was adjourned on four occasions and on February 24, 1944 was marked "No appearance, not moved". It was then carried without any further action until August 23, 1945 when it was marked "Not moved".

The attorney for the defendant then caused to be served, by registered mail, on the then attorney for appellant, a notice of motion to dismiss the petition for lack of prosecution in the following language: "You are hereby notified in accordance with revised statutes of 1937 *title* 34:15–54, that unless this cause be moved for hearing within one month from the date of this notice, that on November 14, 1946 at 10:00 A. M. * * * I shall apply * * * for an order that your claim be considered abandoned and that the petition be dismissed for lack of prosecution". This notice was dated September 27, 1946 and it was delivered at and receipted for by the office of appellant's attorney on October 2, 1946.

In pursuance to the notice the motion was heard on November 14, 1946. There was no appearance on behalf of appellant. The Referee of the Compensation Bureau ordered a judgment of *nolle pros*, dismissed the claim petition and entered an order of dismissal.

On application to the Workmen's Compensation Bureau an order was made by a Deputy Commissioner on February 28, 1947 vacating the order dismissing the claim petition, re-entering it for hearing and restoring it to the active list for trial on the merits.

On appeal to the Hudson Pleas this order was vacated and the claim petition again dismissed for lack of prosecution. From this order appellant appealed to the former Supreme

Court by writ of certiorari, which affirmed the judgment of the Hudson Pleas and dismissed the writ.

R. S. 34:15–54 provides

"No petition shall be dismissed for want of prosecution * * * until after notice shall be served by the respondent on the petitioner or his attorney, that unless the cause is moved for hearing *within one month from the date of the service thereof*, the claim will be considered abandoned and the petition dismissed".

In explicit language the statute fixes the time within which the cause must be moved for hearing i. e. within one month from the *service of the notice* of the motion for dismissal. The notice in the instant case commanded the moving of the hearing within one month from the *date of the notice*, September 27, 1946. Service being made on October 2, 1946, only twenty-five days' notice, five less than the statute allowed, was given the petitioner to move the cause for hearing. It is no answer to say the notice advised petitioner that application for the dismissal would be made on November 14, 1946, a date beyond the one month period provided in the statute. Petitioner had a legal right to ignore the notice for non-compliance with the statute. It was a procedural pre-requisite that she be given one month from the date of service of the notice to move her cause.

██ While statutes relating solely to procedure should be liberally construed with a view to the effective administration of justice nevertheless such as take away or diminish fundamental rights must be strictly construed. *Hill v. Hill*, 93 N. J. Eq. 567 (Ch. 1922), affd. 95 N. J. Eq. 233 (E. & A. 1923).

██ The words of the statute under consideration are clear and the designation of time cannot be deemed merely directory but is mandatory and must be strictly adhered to. *Jones v. Proprietors, etc.*, 36 N. J. L. 206 (Sup. Ct. 1873) affd. 37 N. J. L. 556 (E. & A. 1875); *State Highway Commission v. Repole, et al.*, 111 N. J. L. 462 (E. & A. 1933). This respondent did not do. Its notice had no efficacy.

██ It should be noted that R. S. 34:15–54 was amended by *Chap. 267, Laws of 1947*, which amendment provided for the reinstatement of a petition for good cause shown within one

year of the date of its dismissal. While this amendment did not avail appellant it does show a legislative intention to give petitioners in compensation cases every reasonable opportunity to have their causes determined on their merits.

The judgment of the former Supreme Court is reversed and the cause remanded to the Workmen's Compensation Bureau, there to be proceeded with according to law and this opinion.

*For reversal:* Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—7.

*For affirmance:* None.