99 N.J. Super. 11 (1968)
238 A.2d 476
TOWNSHIP OF HOWELL, IN THE COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, AND WILLIAM KINGSLEY, ACTING DIRECTOR OF THE DIVISION OF TAXATION IN THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1967.
Supplemental Memoranda Submitted December 28, 1967.
January 4, 1968.
Decided January 23, 1968.
*12 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Leon S. Wilson, Deputy Attorney General, argued the cause for appellants (Mr. Arthur J. Sills, Attorney General, attorney).
Mr. Robert V. Carton argued the cause for respondent.
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Upon leave granted, defendants appeal from an order entered in the Superior Court, Law Division, Monmouth County, on January 24, 1967 which denied their motion to dismiss plaintiff's complaint in lieu of prerogative writs and restrained proceedings then pending before the Division of Tax Appeals (Division).
Those proceedings had been instituted under N.J.S.A. 54:1-35.4, a section of the act adopted in 1954 (L. 1954, c. 86; N.J.S.A. 54:1-35.1 et seq.) to implement the State School Aid Act of 1954 (L. 1954, c. 85; N.J.S.A. 18:10-29.30 et seq.). Provision is made by the former act for a determination of the average ratio of assessed to true value *13 of real estate in the various municipalities of the State and for the promulgation of a table of equalized valuations to be used in the calculation and apportionment of state aid to local school districts pursuant to the State School Aid Act.
The purposes and pattern of operation of the two acts are set forth in detail in City of Bayonne v. Division of Tax Appeals, 49 N.J. Super. 230 (App. Div. 1958), and need not be repeated here except to note that the Director of the Division of Taxation (Director) is directed to promulgate a table of equalized valuations and to certify it to the Commissioner of Education on or before October 1 of each year. N.J.S.A. 54:1-35.1. The equalization table may be reviewed by the Division "on complaint of any taxing district made within 10 days after its promulgation, or on its own motion, but such review shall not suspend the apportionment of school aid moneys." N.J.S.A. 54:1-35.4.
The proceedings enjoined by the interlocutory order under appeal had been instituted by the Division in the exercise of its statutory power to review the October 1, 1966 equalization table "on its own motion." The motion was unanimously adopted by the Division on January 5, 1967 after hearing argument of the Deputy Attorney General, who appeared for the Director and the attorney for the Township of Howell.
The Division's motion was adopted on the basis of information set forth in a petition filed by the Director indicating that Howell's assessor had deliberately delayed submitting required reports giving information with respect to some 214 sales of property in the township and the ratio of the assessed value to the sales price thereof until after August 19, 1966, the cut-off date used by the Director for the 1966 table. The Director, after setting forth an analysis of the delayed reports, expressed his "belief and opinion" that Howell's tax assessor had withheld the reports in an attempt to manipulate the ratio to be assigned Howell Township in order to "wrongfully increase the amount of State School Aid to be paid Howell Township" by an amount in excess of $120,000.
*14 A hearing was held pursuant to the Division's motion on January 9, 1967 and then continued to January 16, 1967. On January 13, 1967 plaintiff Township of Howell instituted this action in lieu of prerogative writs and obtained a restraint against any further hearings before the Division.
The issue presented in this case involves an interpretation of N.J.S.A. 54:1-35.4 which provides as follows:
"An equalization table promulgated hereunder may be reviewed by the Division of Tax Appeals on complaint of any taxing district made within 10 days after its promulgation, or on its own motion, but such review shall not suspend the apportionment of school aid moneys. No change shall be made in the table except after a hearing, of which 5 days' notice shall be given by mail to the governing body of the taxing district. If, after the hearing, the division shall determine that the equalized valuation of any district or districts as fixed by the director was erroneous, it shall revise and correct the equalization table. Such hearings, review and revisions shall be completed by January 10 next following the promulgation of the table. A certified copy of the revised and corrected table shall be transmitted to each official or board to whom the original table was required to be transmitted and also to the State Director of Taxation. In any such proceeding, the director shall be entitled to be heard, and the assessment ratios as promulgated shall be presumed to be correct, and shall not be revised or modified by the Division of Tax Appeals unless the complainant district shall present proof that upon all the evidence available such ratio or ratios could not reasonably be justified."
The trial judge concluded that the Division had no jurisdiction to continue with its hearings beyond January 10, 1967 because he construed the statutory language,
"Such hearings, review and revisions shall be completed by January 10 next following the promulgation of the table,"
to be mandatory.
We disagree and reverse. We are satisfied that the provision for completion of the Division's hearing and review by January 10 is directory and not mandatory. Jersey City v. State Board of Tax Appeals, 133 N.J.L. 202, 209 (Sup. Ct. 1945), affirmed sub nom. Jersey City v. Kelly, 134 N.J.L. 240, 242 (E. & A. 1946).
*15 In Jersey City v. State Board of Tax Appeals the court was presented with the same issue as here. That case involved section 34 of the Railroad Tax Law of 1941 (L. 1941, c. 291), which provided with respect to appeals to the State Board that:
"The State Board of Tax Appeals shall conclude its hearing on or before the fifteenth day of October following the filing of the complaint, and between November first and November fifth following shall certify to the State Tax Commissioner its final determination."
The State Board of Tax Appeals had ruled in Jersey City v. Kelly, 20 N.J. Misc. 484, 28 A.2d 618 (1942) and Jersey City v. State Tax Com'r, 21 N.J. Misc. 36, 29 A.2d 716 (1943), that section 34 of the Railroad Tax Law of 1941 was mandatory and therefore the Board lost jurisdiction to hear appeals when the hearings were not concluded by October 15 following the filing of the complaint.
Those rulings were repudiated when the question was presented to the court in Jersey City v. State Board of Tax Appeals, supra. Justice Perskie, writing for the former Supreme Court, said:
"Are the provisions of R.S. 54:26-10 and Pamph. L. 1941, ch. 291, § 34, requiring that the State Board of Tax Appeals shall conclude its hearings on or before October 15th following the filing of the complaint * * *, directory or mandatory?
Prosecutors and the Attorney-General take the position that they are directory. Respondents take the position that they are mandatory and therefore the dismissals by the State Board of Tax Appeals of prosecutors' appeals from assessments made by the Commissioner for the tax year 1941 and 1942 were proper because no hearings were held within time.
We think that the provisions are directory. We need hardly labor the point that our function is to give force and effect to legislation as written. To that end, `we presume that words have been employed [save terms of art] in their natural and ordinary meaning.' In re Act Concerning Alcoholic Beverages, 130 N.J.L. 123, 128, 31 A.2d 837, 840. Ordinarily, the use of the word `shall' in a statute carries with it the presumption that it is used in the imperative rather than in the directory sense. But this is not a conclusive presumption. Both the character and context of the legislation are controlling. Cf. *16 Haythorn v. Van Keuren & Son, 79 N.J.L. 101, 105, 106, 74 A. 502. And so, too, when a fixed time is set down in a statute invoking either the jurisdiction of the subject-matter or of the parties, or both, such time is mandatory and not directory. Cf. State Highway Commission [of New Jersey] v. Repole, 111 N.J.L. 462, 463, 168 A. 464.

* * * * * * *
The State Board of Tax Appeals conducts hearings in a quasi-judicial capacity. It had here acquired jurisdiction over the subject-matter and of the parties. Whatever may have been the reasons for not having conducted hearings on the complaints, there is no suggestion, and none is intimated by this court, that the fault, if any, was on the part of the State Board of Tax Appeals or on the part of anyone else involved. Failure, in the circumstances, to observe the time provision could not and did not dissipate the jurisdiction which the State Board of Tax Appeals had properly acquired in the first instance over the subject-matter and of the parties. If the legislature had intended that the State Board of Tax Appeals lost jurisdiction to hear appeals after October 15th, it would clearly have said so. The mandatory sense to the word `shall' should not be given if by so doing the door to miscarriages of justice should be opened. To deny prosecutors the right to be heard as to allegedly unconstitutional legislation would indeed be unjust. No word or act of this court shall knowingly contribute to such a result. Cf. Grobarz v. Slayton, 130 N.J.L. 597, 599, 33 A.2d 697, affirmed 131 N.J.L. 326, 36 A.2d 429. The question submitted is not, as urged, whether the `railroad tax law of 1941' provides for a review of the valuations for that year. The question as submitted is whether the State Board of Tax Appeals lost jurisdiction to hear the appeals after October 15th. As already stated, our answer is in the negative." (133 N.J.L., at p. 209 et seq.)
On appeal the Court of Errors and Appeals expressed its "entire accord" (134 N.J.L., at p. 242) with Justice Perskie's opinion on this question although it disagreed with the Supreme Court's determination on another phase of the case.
We deem Jersey City v. State Board of Tax Appeals to be dispositive of the issue presented here. N.J.S.A. 54:1-35.4 contains no provision prohibiting the Division from performing the duties imposed upon it after January 10. If the Legislature had intended that the Division lose jurisdiction to continue its hearings and to review and revise the equalization tables after January 10  and this even though such *17 loss of jurisdiction might permit a miscarriage of justice  it would have clearly said so.
In our opinion, the statutory specification of January 10 as the date for completion of hearings, review and revision is directory only.
Considerations which apply to limitations on the time to invoke the jurisdiction of an administrative tribunal, cf. Delaware Twp. v. Neeld, 52 N.J. Super. 63 (App. Div. 1958), do not apply once the jurisdiction of the administrative agency has been properly invoked and the question presented is whether the agency shall be rendered impotent to perform its duties if it does not complete them before the date specified in the statute.
Nothing in either the purpose or pattern of the State School Aid Act or the equalization statute mandates the result urged by plaintiff. On the contrary, by the express terms of N.J.S.A. 54:1-35.4, pendency of a review of the equalization table does "not suspend the apportionment of school aid moneys." The legislative scheme leaves to the Commissioner of Education the function of making, at a later date, any adjustments in school aid moneys that may be required because of revisions in the equalization tables ordered by the Division, or by the courts if judicial review of the Division's action is invoked.
Our consideration and resolution of the question of statutory construction dealt with by the trial court are not to be taken as an approval of its intervention in the pending proceedings before the Division. The trial court should not have restrained the proceedings before the Division. The hearings should have been permitted to continue to completion so that the facts might be developed. Plaintiff would suffer no prejudice. Its claim that the Division had lost jurisdiction would still be available to it on appeal to this court if the Division's ultimate ruling were adverse to it. Its contentions would then be evaluated on the background of the full facts developed at the administrative hearing.
*18 Further, since the points have been dealt with in plaintiff's argument to this court, we note that we find no merit in plaintiff's contention that it had not received adequate notice of hearing and that it was entitled under N.J.S.A. 54:2-41.2 to demand that the entire Division sit at the hearing.
Finally, we perceive no substance in plaintiff's suggestion that local assessors are not legally obligated to complete and transmit the reports which plaintiff's assessor is charged with having withheld. The suggestion ignores not only the provisions of N.J.S.A. 54:1-35.3 but also other provisions in the tax statutes vesting power to control the activities of local assessors in the Director of the Division of Taxation. See, e.g., R.S. 54:1-25 to 27; N.J.S.A. 54:1-30; R.S. 54:1-36 and N.J.S.A. 54:1-37.
The order under appeal is reversed and the cause remanded to the trial court with directions that the complaint be dismissed.