119 N.J. Super. 256 (1972)
291 A.2d 28
TOWNSHIP OF CHERRY HILL, COUNTY OF CAMDEN, PETITIONER-RESPONDENT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 27, 1972.
Decided May 18, 1972.
*257 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Richard M. Conley, Deputy Attorney General, argued the cause for appellant (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Alexander Feinberg argued the cause for respondent (Mr. Ralph J. Kmiec, attorney).
PER CURIAM.
The Director of the Division of Taxation appeals from the revision by the Division of Tax Appeals, on appeal by Cherry Hill, of his determination of the equalized valuations of Cherry Hill for 1970, for purposes of distribution of state school aid. The appeal to this court is confined to the Division's readjustment of the 1969 factor[1] of the 1970 certified final equalized valuations by deduction of reductions in 1969 tax assessments by the Camden County Board of Taxation on appeals by individual taxpayers.
*258 The Division agreed with Cherry Hill that there was a fatal inconsistency in the Director's method in that, while he made adjustments for increases in the 1969 valuations to reflect added and omitted assessments for that year, he ignored reductions consequent upon tax appeal reductions. The testimony of the Director's representative, Samuel Temkin, as expanded upon by him in response to questions from the court at oral argument, satisfies us that there was reasonable administrative justification for the Director's procedures in the respects mentioned, at least in the context of state school aid purposes, and that the Division should not have overruled his actions in that regard. For discussion of the breadth of discretion reposed in the Director in formulating details of methodology in arriving at equalized valuations for state school aid distribution purposes, see Bayonne v. Division of Tax Appeals, 49 N.J. Super. 230, 239 (App. Div. 1958).
The evidence is that the Director adds to the certified equalized valuations of the prior year the added and omitted assessments applicable thereto by applying to them the equalization factor represented by the official ratio of that prior year. Those added and omitted assessment figures are routinely available to the Director from the county tax boards. Giving weight to them for state school aid purposes is fair, since in the long run all municipalities will have more or less added and omitted assessments. Figures for aggregate reductions in assessment on appeal, on the other hand, are inconclusive until the final course of all appellate procedures is concluded. The Director's experience, moreover, is that the statistical capacity of the 21 county tax boards is not such as to make the relevant figures readily available to him from all of them, and the factor in question, if used at all, would have to be applied uniformly statewide.
A second, and more significant reason for not applying the reduction-in-assessments factor, according to the Director, is that if any of the properties appealed and reduced have also been the subject matter of a sale entering into *259 the Director's sales ratio for the prior year, distortion would result if there were a simple application to such reductions of the certified ratio figure of the prior year. Avoidance of such distortion would require recomputation of the original certified ratio figure by employment of the reduced assessment valuations of the properties sold rather than, as had been the case originally, the unreduced valuations, in determining the overall ratios of sales prices to assessed valuations. To do this on a statewide basis, as the Director reasonably believes would be necessary, would appear to involve a massive annual administrative exercise not worth the theoretical promotion of the fairness in state school aid distribution it would induce.[2]
We find that the reasons for the Director's actions in the respects here complained of dispel any basis for interference therewith by the Division of Tax Appeals, which is authorized to intervene only if it is shown that the "ratio or ratios [of the Director] could not reasonably be justified." N.J.S.A. 54:1-35.4.
We have thought it advisable to decide the question discussed above on its merits, for guidance of all concerned, rather than evade it on the basis of appellant's alternative argument that any change in Cherry Hill's certified ratio for 1970 could not in fact increase its 1970 state school aid because of the fortuitous effect of a "save harmless" provision of the school aid legislation.
Notwithstanding the fact last mentioned, Cherry Hill pursued its appeal below because of the feared real effect, in terms of county tax burden, of the mechanical acceptance by the Camden County Tax Board of the Director's *260 table of equalized valuations for Camden County in arriving at the 1970 county equalization table. This collateral effect also influenced the decision of the Division of Tax Appeals. Such consequences, however, are not remediable by appeal of the Director's table but rather by appeal of the county equalization table to the Division of Tax Appeals. Not only are the purposes and effects of the respective tables different but so also is the scope of review and correction thereof by the Division of Tax Appeals under the discretely applicable statutes (re-equalization de novo on appeal from the county equalization table, see Wood-Ridge v. Bergen Cty. Bd. of Tax., 111 N.J. Super. 174, 181 (App. Div. 1970); absence of "reasonable justification," on appeal from the Director's table). The Director's table is by no means binding on any county tax board for county equalization purposes. As to considerations appropriately to be weighed in relation to an appeal of a county equalization table challenged on grounds comparable to those involved here, compare the case last cited with In re Millburn Tp., 110 N.J. Super. 330 (App. Div. 1970). For other considerations going to the validity of either kind of table see Kearny v. Division of Tax Appeals, 35 N.J. 299 (1961).
The judgment of the Division of Tax Appeals is reversed to the extent of the determination expressed hereinabove.
NOTES
[1] In 1970, for the first time, the Director adopted the system of determining final certified equalized valuations for a current year (1970) by averaging the final certified equalized valuations for the prior year (1969) with a tentative table of equalized valuations for the current year arrived at by applying a ratio based upon comparisons of sales to assessed valuations of the current period.
[2] It should be kept in mind that changes in equalized valuations of any particular municipality for state school aid purposes do not in any way affect receipts of such aid by any other municipality. This contrasts with changes in county tax equalization tables where a change of the figures for one taxing district affects the county tax burden of all others in the county.