HOPKINS, J.T.C.
Plaintiff appeals the determination by the Director, Division of Taxation, of the average ratio of assessed to true value of real estate in that municipality for the year 1990, for purposes of promulgation of the table of equalized valuations (table) used in the calculation and apportionment of state aid to local school districts for the school fiscal year 1991-1992. That table is prepared by the Director pursuant to the provisions of N.J.S.A. 54:1-35.1 et seq. Plaintiff claims that its equalized real estate valuation is higher than the 50.02% shown by the disputed table.
In attacking the table, plaintiffs first count concerns the Director’s use of four sales in the computation of the assessment/sales ratio during the sample year ending on June 30, 1990. That feature of the complaint has been amicably disposed of. In the second count, plaintiff attacks the use of an added assessment which was first reflected in the ratio determined and used for the 1989 table. Since the adjusted true value shown on the 1989 table is averaged with the current true value for 1990, in computing the ratio for purposes of the table, such use also affects the ultimate ratio applicable to plaintiff for the current year.
N.J.S.A. 54:51A-4(c) provides that the table may be reviewed by the Tax Court on complaint of any taxing district made within 45 days after its promulgation, or on the Tax Court’s own motion. However,
in any such proceeding, the Director shall be entitled to be heard, and the assessment ratios as promulgated shall be presumed to be correct, and shall not be revised or modified by the Tax Court unless the complainant district shall present proof that upon all the evidence available such ratio or ratios could not reasonably be justified. [Emphasis supplied]
In describing the tables, the court, in Bayonne v. Div. of Tax Appeals, 49 N.J.Super. 230, 139 A.2d 424 (App.Div.1958), properly described the procedure as follows:
*499 The equalized valuations for each taxing district are determined by the Director on a “weighted” basis and are arrived at as follows. The usable sales are divided into four classifications: vacant land, residential property of four dwelling units or less, farm land, and all other real estate (commercial, industrial, apartment houses, etc.). A separate ratio is determined for each of the four classes on the basis of the transactions in that class and an equalized aggregate valuation of all the real property in that class is determined by application of the class ratio to the aggregate assessed valuations of all property in that class in the taxing district. The total of the aggregate equalized valuations for the four classes is determined by addition, and this is the operative figure for purposes of distribution of state school aid. The total of assessed valuations in the district is then divided by the total last mentioned, resulting in the final weighted average ratio for the district. This is the figure shown in column 2 of the table of equalized valuations (N.J.S.A. 54:1-35.2). Under the particular four-class method of determining the final ratio currently used by the Director, that ratio figure is only a statistic for inclusion in the statutory table. As noted above, the operative figures are the ratios for each of the classifications, as they are the key to the determination of the components of the aggregate equalized valuations, which, in turn, play a part in the statutory formula for calculating the state school aid distributable, [at 234-235, 139 A.2d 424]
After following the above formula, the Director averages the results with the table for the preceding year to conclude the final average true value for the current year. The total assessed value is divided by the computed market value to obtain the desired ratio.
The facts are undisputed that for tax year 1988, the assessor for plaintiff imposed an added assessment on property known as Block 284, Lot 21AE, totalling $139,600,000 for land and improvement. That assessment was canceled in its entirety by judgment of the Hudson County Board of Taxation, entered on January 4, 1989.
In a proceeding before the Tax Court, Kearny v. Taxation Div. Director, 11 N.J.Tax 232 (Tax Ct.1990), Kearny attempted to have the 1989 table revised by having that assessment deleted from the total of its assessed values in the computation. That complaint was not filed within 45 days after the table was promulgated and, as such, was beyond the review period to which plaintiff was entitled. However, the court went on to note that the table could also be reviewed by the Tax Court subsequent to the 45-day period. However, the facts failed to *500 reflect a justifiable reason for the Tax Court to take that discretionary action.
In renewing its attack on the utilization of the added assessment reflected in the 1989 table, plaintiff’s position is that since the 1989 table is an integral part of the computation of the 1990 table, it is entitled to attack the 1990 table based upon a claimed erroneous computation of the 1989 table.
Director’s position is that the Tax Court judgment declaring that plaintiff was untimely in its appeal of the 1989 table is dispositive of the case on the basis of res judicata. Alternatively, Director contends that plaintiff’s position is contrary to the principles espoused in Bayonne v. Div. of Tax Appeals, supra, as well as the holding in Cherry Hill Tp. v. Director, Division of Taxation, 119 N.J.Super. 256, 291 A. 2d 28 (App. Div.1972). In Bayonne, the court refused to interfere with a prior year’s table when the taxing district claimed that an unusable sale was utilized. The Cherry Hill case refused to interfere with the Director’s discretion in computing equalized values without taking into consideration the adjustments made by county boards with respect to omitted and added assessments.
To the extent that plaintiff's position is an attack upon the computation of the 1989 equalization table, that portion is disposed of by the doctrine of res judicata, since the prior holding in Kearny v. Director, supra, held that such attack was out of time. On brief, plaintiff recognizes that if the doctrine of res judicata is applicable, it binds the litigants in an action that has proceeded to judgment on all issues that were raised or could have been raised in a particular suit. Bowers v. American Bridge Co., 43 N.J.Super. 48, 127 A.2d 580 (1956), aff’d o.b. 24 N.J. 390, 132 A.2d 28 (1957). Accordingly, there is no dispute that an attack, at this point, on the 1989 table is barred. However, plaintiff asserts that the attack is directed toward the 1990 table to the extent that it used the 1989 equalized values in computing the 1990 ratio.
*501 It has been recognized that the statute authorizing the Director to promulgate the table specifically requires any attack upon such computation to be justified by evidence showing that the table could not reasonably be justified. N.J.S.A. 54:51A-4. Here, the Director, in his discretion, used a promulgated and finalized table of equalized valuations for 1989 in tempering the effect of the ratios obtained through the sampling period for 1990. Thus, the issue is whether the Director acted reasonably in using that promulgated table. In so determining, it must be recognized that the table was tested in the Tax Court by Kearny and that Kearny’s allegation of error was rejected as being untimely. Further, as promulgated and revised, it is a public record in each office to which it has been sent and in the office of the Director, Division of Taxation. N.J.S.A. 54:1-35.1. As such, the table is used for many purposes in State governmental activities. See Kearny v. Taxation Div. Director, supra, 11 N.J.Tax at 238 et seq. A prior year’s table is a fait accompli.
Based upon the above, the reasonableness of relying upon a promulgated table for a prior year is fully justified and any attack directed toward such table cannot be considered. This holding is consistent with Bayonne v. Div. of Tax Appeals, supra, where the court held that a claimed nonusable sale used in the prior year’s calculation was immune from attack since its use represented a reasonable exercise of discretion by the Director.
The parties shall submit a form of judgment incorporating the adjustments based on the agreed unusable sales. No adjustment shall be made to the 1989 equalized valuations which were used in the computation of the 1990 table.