105 N.J. Super. 174 (1969)
251 A.2d 466
NEW JERSEY STATE HOTEL-MOTEL ASSOCIATION, A CORPORATION NOT FOR PROFIT OF THE STATE OF NEW JERSEY, ET AL., PLAINTIFFS,
v.
RAYMOND F. MALE, COMMISSIONER, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1969.
Decided March 25, 1969.
*175 Before Judges SULLIVAN, FOLEY and LEWIS.
*176 Mr. Andrew A. Valeriani, Jr., Deputy Attorney General, argued the cause for defendant (Mr. Stephen L. Skillman, Deputy Attorney General, of counsel; Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
Mr. Gerald Weinstein argued the cause for appellants (Messrs. Lloyd, Megargee, Steedle, Weinstein & Horn, attorneys).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This is an action under R.R. 4:88-10 brought by the New Jersey State Hotel-Motel Association and its individual members to review the validity of Wage Order No. 3, governing employment in hotel and motel occupations, promulgated by the defendant Raymond F. Male, Commissioner, Department of Labor and Industry, State of New Jersey, on May 7, 1968 and effective November 6, 1968. The action also seeks to review the validity of certain interim administrative regulations which embodied the provisions of Wage Order No. 3 and which operated until the order became effective. The wage order and regulations fix a minimum wage rate with overtime provisions for employees in hotel and motel occupations, including employees under the age of 18 years, and also provide that cash wages shall not fall below a specified percentage (depending on the occupation) of the minimum wage rate per hour after allowances are made for gratuities, food and lodging.
It is unnecessary to review the history of minimum wage legislation in this State. Suffice it to note that the present law (New Jersey State Wage and Hour Law) provides for a minimum rate of pay and an overtime rate applicable to employers and employees in the State, with certain exceptions. In addition, the law empowers the Commissioner to issue a wage order establishing minimum fair wage rates for employees in a particular occupation or occupations. The law outlines the procedure to be followed before a wage order may be issued. This includes the appointment of a *177 wage board to make recommendations to the Commissioner. The Commissioner is empowered to issue interim administrative regulations to be operative until a wage order has been promulgated and becomes effective.
It is first contended by plaintiffs that since the wage board did not file its report within the time limitation set forth in the law (60 days of its organization), its attempted report was a nullity and the wage order and the administrative regulations based on the report must fail.
It is also argued that the Commissioner was required by the law to approve or disapprove the wage board's report within ten days after the public hearing on the recommendations contained in the report, and that his failure to do so invalidates the wage order and the regulations.
We see no merit to these contentions. The time limitations provided in the law are clearly intended to be directory only and not jurisdictional. Cf Howell Tp. v. Division of Tax Appeals, 99 N.J. Super. 11 (App. Div. 1968).
The omission of the wage board and the Commissioner (assuming the Commissioner was required to act on the report within ten days after the public hearing) to meet the time limitations did not invalidate their actions. The only sanction provided in the act for failure of the wage board to submit its report within 60 days of its organization is: "the commissioner may constitute a new wage board." N.J.S.A. 34:11-56a14. The Commissioner's jurisdiction over the subject matter is admitted. No prejudice is asserted to flow from the alleged delays. The law is social legislation designed to correct abuses in employment. It would be a miscarriage of justice to invalidate the Commissioner's efforts to remedy abuses in employment in hotel and motel occupations on technical grounds unrelated to the merits of the question.
Plaintiffs also argue that the Commissioner had no power to issue a wage order or regulations, providing for overtime pay to hotel employees, or extending coverage to persons under the age of 18, because the Legislature had *178 provided otherwise in the enabling law. We do not agree. Concededly, the provisions of the law establishing a minimum wage with overtime provisions, applicable generally throughout the State, contain certain exceptions. Thus, it is provided that the minimum wage rates "fixed in this section" shall not be applicable to (among others) persons under the age of 18. The law also provides that "the provisions of this section" for overtime pay shall not apply to (among others) hotel employees. N.J.S.A. 34:11-56a4. However, this does not circumscribe the Commissioner's power via a wage order and regulations to establish minimum fair wage rates covering employment in a particular occupation or occupations.
Under N.J.S.A. 34:11-56a13 the wage board may recommend the "establishment" of an overtime rate in the particular occupation for which the wage board was appointed. Since overtime is provided for under N.J.S.A. 34:11-56a4 as to all occupations, save those specifically excepted, manifestly a wage board recommendation for the "establishment" of an overtime rate would have to be in one of the occupations excepted from the overtime provisions of N.J.S.A. 34:11-56a4.
The same reasoning applies equally to the exception as to persons under the age of 18 from "the wage rates fixed in this section." N.J.S.A. 34:11-56a4. It seems clear that the Legislature did not intend to completely exclude this class of employees from the protection of the act. Rather, the Commissioner was empowered, via wage order and regulations, to formulate a flexible standard of minimum wage rates for persons under the age of 18, taking into consideration the particular occupation or occupations involved and other relevant factors.
Plaintiffs also contend that the Commissioner erred in including in his wage order provisions that, in the various occupations in hotels and motels, cash wages shall not fall below specified percentages of the applicable minimum wage rate per hour after allowances are made for gratuities, food and lodging. It is plaintiffs' contention that, under the law, *179 they are entitled to credit against the minimum wage established, the actual value of gratuities, food and lodging, and that the Commissioner has no power to fix a limitation on the amount of credit that the employer may receive. The law (N.J.S.A. 34:11-56a1 (d)) provides:
"`Wages' means any moneys due an employee from an employer for services rendered or made available by the employee to the employer as a result of their employment relationship including commissions, bonus and piecework compensation and including any gratuities received by an employee for services rendered for an employer or a customer of an employer and the fair value of any food or lodgings supplied by an employer to an employee. The commissioner may, by regulation, establish the average value of gratuities received by an employee in any occupation and the fair value of food and lodging provided to employees in any occupation which average values shall be acceptable for the purposes of determining compliance with this act in the absence of evidence of the actual value of such items."
The Attorney General's Office, appearing on behalf of the Commissioner, relies on N.J.S.A. 34:11-56a16, which provides that the Commissioner may include in a wage order regulations "defining and governing * * * deductions for board, lodging * * * supplied by the employer; * * * excluding gratuities."
It is argued that this latter provision permits the Commissioner to establish maximum allowances for board and lodging. However, it is conceded that while the Commissioner may establish the average value of gratuities received by an employee, the employer would be entitled to a credit for the actual amount of such gratuities if they exceed the average value established by the Commissioner and provided he can substantiate such actual value. To this limited extent the Attorney General concedes that Wage Order No. 3 should be modified.
We are in full agreement with the position taken by the Attorney General. We understand the law to permit the Commissioner, not only to establish the fair value of food and lodging provided an employee which shall be acceptable *180 for the purposes of determining compliance with the wage order, but also to set a maximum credit against the wage rates fixed, which an employer may take for such food and lodging. Otherwise an employee might receive no cash wages at all if the employer could produce evidence that the actual value of the food and lodging furnished exceeded the minimum wage rate fixed.
Gratuities are in a different catgory. They are cash which the employee actually receives. The Commissioner has the power to fix the average value of such gratuities which shall be acceptable for the purposes of determining compliance with the wage order, but the law provides that such average value shall be acceptable only in the absence of evidence of the actual value of such gratuities. N.J.S.A. 34:11-56 a1(d).
In short, we conclude that the Commissioner may fix a maximum credit for food and lodging but not for gratuities. As to the latter, he may establish an average value which shall apply in the absence of evidence of actual value.
We note that the interim regulations expired on November 5, 1968 during the pendency of this appeal. Accordingly, judgment will be entered upholding the validity of Wage Order No. 3, except insofar as a limitation is placed on the amount of gratuity credit that can be taken by an employer.