106 N.J. Super. 317 (1969)
255 A.2d 789
NATIONAL COMMUNITY BANK OF RUTHERFORD, APPELLANT,
v.
CHARLES R. HOWELL, COMMISSIONER OF BANKING AND INSURANCE, AND PEOPLES BANK OF SOUTH BERGEN COUNTY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 19, 1969.
Decided July 1, 1969.
*319 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. George A. Brown argued the cause for appellant (Messrs. Morrison, Lloyd & Griggs, attorneys; Mr. Richard J. Ryan, on the brief).
Mr. George B. Gelman argued the cause for respondent Peoples Bank of South Bergen County (Messrs. Calissi, Gelman, Cuccio & Klinger, attorneys).
*320 Mr. Arthur J. Sills, Attorney General of New Jersey, filed statement in lieu of brief on behalf of Horace J. Bryant, Jr., Commissioner of Banking and Insurance of New Jersey (Mr. Joel L. Shain, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
As to appellant's contentions that the evidence does not support the determinations of the Commissioner that (1) conditions in the locality afford reasonable promise of successful operation by the proposed new bank, and that (2) the interest of the public will be served to advantage by the proposed bank, we disagree. The record as a whole provides substantial credible evidence of the affirmative of those propositions, having regard for the expertise of the Department in this area.
In the foregoing regard, appellant objects to the consideration by the Commissioner, as reflected by his opinion, of part of a 1967 comprehensive study  "The Structure of Banking in New Jersey"  by Professor Cranmer of Drew University, said to have been made at the request of Governor Hughes. The report is not made tho basis of any specific finding on any particular controverted fact by the Commissioner. It is merely quoted to the general effect that New Jersey is not overbanked and as to the desirability of enhancing banking competition. Appellant complains that the study was not made part of the record and that it had no opportunity to meet it.
We find no error in the Commissioner's use of the Cranmer study merely to afford him scholarly background data and professional opinion helpful in relation to broad policy considerations pertinent to the application. Courts and administrative bodies commonly consult comparable studies in order to understand the technical background of a disputed problem for aid in resolving questions of law and policy, but not to decide a specific, controverted, material fact where the study was not previously made part of the *321 record. See, e.g., In re Application of Kenilworth State Bank, 49 N.J. 330, 335-336 (1967); Esso Standard Oil Co. v. Holderman, 75 N.J. Super. 455, 467 (App. Div. 1962), affirmed o.b. 39 N.J. 355 (1963). See Davis, "Official Notice," 62 Harv. L. Rev. 537, 549 (1949).
Elizabeth Federal S. & L. Ass'n v. Howell, 24 N.J. 488, 506-507 (1957), is not to the contrary. There the Commissioner relied ex parte upon "factual material" (p. 506) "developed specifically" for the purpose of deciding the case without affording any prior notice thereof and opportunity of meeting it to objectors.
We find no essential unfairness or prejudice to appellant in the Commissioner's use of the mentioned material in the instant matter.
Appellant contends that the Commissioner had no jurisdiction to approve the charter for failure of the prerequisite filing, along with the certificate of incorporation, of affidavits by each incorporator stating, among other things, that, except as otherwise stated in the affidavit, the incorporators are the true and only parties in interest. However, it appears from the record that such affidavits were filed with the Commissioner, so that the statute was literally followed. There was no requirement that such affidavits be part of the hearing record, although it would seem that technically they were, the Commissioner having announced at the hearing that the affidavits were before him. In any event, the affidavits were a matter of record in the Commissioner's office, available for inspection by anyone.
However, appellant points out that the affidavits on file were demonstrably false in their flat assertion that affiants were each "acting on [their] own behalf as an incorporator of the proposed bank and to [their] knowledge and belief the incorporators * * * are the true and only parties in interest." In fact, as fully developed at the hearing, the incorporators contemplated, and shortly thereafter entered into a subscription contract with Peoples Trust Company of Bergen County, real sponsor of the applicant bank, contemplated *322 to be an affiliate thereof, for assignment to shareholders of Peoples of an aggregate of not less than 53% of the common capital stock of applicant bank. There thus was an inexcusable falsity in the affidavits, and this cannot be condoned by this court either in this case or as a precedent for practice in other cases. But we do not think it should be fatal to the application. The statute does not require substantively that the incorporators shall be the only parties in interest, but only that the affidavits shall reveal whether or not they are. The true facts were developed in full on the hearing before the Commissioner. Neither he nor the objector was prejudicially misled by the affidavits.
The practice of chartering affiliated banks has been judicially approved and was not forbidden by statute effective as of the time of this approval. In re Application of Kenilworth State Bank, supra. Cf. L. 1968, c. 415, effective July 17, 1969, prohibiting any officer, director or employee of any bank to be an incorporator of another bank. We find no merit in the appellant's assertion that the present application for an affiliate bank is an illegal circumvention of the New Jersey Banking Act merely because the moving force behind the application was a bank in another municipality.
Appellant points out that as a condition of approval of a charter the Commissioner is required to determine "as a result of the hearing and of the independent investigation made or caused to be made by him" seven specific facts. N.J.S.A. 17:9A-11 (D). It alleges that, in addition to the factors we have discussed at the head of this opinion as adequately established, there was no proof at the hearing concerning statutory item (4), that no fees, commissions or other compensation were paid for the promotion of the bank or the sale of its stock, and as to item (3), that the proposed officers possess the qualifications, experience and character required for their duties and responsibilities.
Concerning item (4), attestation of this fact was included in the affidavits of the incorporators which the Commissioner announced at the outset of the hearing he had before *323 him. In the absence of any suggestion or proof by appellant of untruth in that regard, this satisfies the statute.
The applicant argues that item (3), as appellant interprets it, could not be satisfied because, at the time of the hearing, bank officers had not yet been selected, it not having been practical to do so in advance of approval of the charter. In his decision the Commissioner deferred his investigation into the qualifications of applicant's operating personnel until applicant submitted its request for a certificate of authority to commence doing business. The Attorney General tells us this is the longstanding practical construction of the act by the Department. We agree with applicant that the statute does not necessarily call for a hearing and determination before approval of the charter of the qualifications of all operating officers eventually selected. The act calls for a hearing in respect of qualifications of "the proposed officers," etc. If, for reasons of practicality familiar to the Commissioner as an expert, less than all the eventual operating officers had been selected by applicant by the close of the hearing, we regard it as not contrary to the statute, sensibly construed, to permit the Commissioner to defer his investigation and approval in this regard in respect of those not yet selected. However, the act clearly contemplates that a hearing on the qualifications of all eventual officers should be held on notice to all parties in interest and a favorable determination made thereon before the bank is allowed to open for business. We assume this will be done in this case.
Finally, appellant contends there was failure to satisfy a statutory requirement that the certificate of incorporation state the street, street number and municipality in which the principal office of the bank is located. N.J.S.A. 17:9A-3. We find to the contrary. The necessary information was provided. Appellant argues there was a violation in that insufficient evidence was presented to establish applicant's contractual right to the site. In the absence of any contrary evidence by appellant, we think the proofs submitted by applicant in this respect sufficed.
Judgment affirmed.