107 N.J. Super. 230 (1969)
258 A.2d 24
IN THE MATTER OF THE APPLICATION FOR A CHARTER FOR THE SPRINGFIELD STATE BANK, TO BE LOCATED AT 220-230 ROUTE 22 IN THE TOWNSHIP OF SPRINGFIELD, COUNTY OF UNION.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1969.
Decided October 20, 1969.
*232 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Barry D. Maurer argued the cause for appellant The National State Bank (Messrs. Wilentz, Goldman & Spitzer, attorneys).
Mr. Hugo M. Pfaltz, Jr. argued the cause for appellant Summit & Elizabeth Trust Co. (Messrs. Bourne & Noll, attorneys).
Mr. Donald G. Kein argued the cause for appellant The Union Center National Bank (Messrs. Kein, Scotch, Pollatschek, Iacopino & Kein, attorneys).
Mr. Jerome C. Eisenberg argued the cause for respondent Springfield State Bank (Messrs. Norris, McLaughlin & Trucker and Messrs. Clapp & Eisenberg, attorneys; Mr. Robert P. Gorman, of counsel).
Mr. Arthur J. Sills, Attorney General, attorney for Horace J. Bryant, Jr., Commissioner of Banking and Insurance of New Jersey, did not argue but filed a statement in lieu of brief (Mr. Joel L. Shain, Deputy Attorney General, of counsel).
GOLDMANN, P.J.A.D.
National State Bank, Summit & Elizabeth Trust Company, and Union Center National Bank *233 appeal from the determination of the Commissioner of Banking and Insurance approving the application of Springfield State Bank for a charter.
We find substantial persuasive relevant testimony in the record to support the Commissioner's findings that the proposed bank would serve the public interest to advantage and that conditions in the locality in which the bank will transact business afford reasonable promise of successful operation.
In this connection we note that the only testimony presented at the three hearings conducted before the Department of Banking and Insurance was that of the applicant, Springfield State Bank, except for one witness presented by Union Center National Bank. Contrasted with the applicant's plenary expert and technically factual proofs, all that National's witness (the manager of its Springfield branch office) testified to was, in essence, that the new bank would have a detrimental effect on the deposits in the branch bank he managed. Neither the factual nor opinion evidence submitted by Springfield was contradicted.
It is claimed that the Commissioner failed to consider the enactment and purpose of N.J.S.A. 17:9A-3.1 and 17:9A-19, part of the new Branch Banking Act, L. 1968, c. 415. Springfield State Bank had filed its application with the Commissioner in December 1967. L. 1968, c. 415 was approved by the Governor on January 17, 1969, and by its terms was to become effective six months later, on July 17, 1969. The Commissioner was fully alerted to the prospect of such legislation as well as to its actual passage by the Legislature and its imminent approval by the Governor. As head of the department that would be directly affected, the Commissioner undoubtedly knew of the ongoing efforts of the banking establishment to obtain the passage of such legislation. Moreover, Summit & Elizabeth Trust Company had written him on January 22, 1968, before the hearings on Springfield's application, and the Union Center National Bank had written him on December *234 18, 1968 and January 22, 1969 while the Springfield determination was pending, calling attention to the impact of the proposed legislation. The Commissioner believed it would not be fair to avoid consideration of pending applications where a great deal of expense had been incurred and much work done in preparation for their final consideration. We agree. Indeed, the six-month delay in the effective date of the legislation could have had no other purpose than to permit the Commissioner to dispose of matters then pending, on the merits and in light of then existing law.
Union Center National Bank advances two additional arguments, namely (1) the Commissioner's determination is invalid because he made no specific factual findings with respect to the qualifications, experience and character of Springfield's proposed officers, as called for by N.J.S.A. 17:9A-11 (D) (3); and (2) he failed to render his determination within 90 days after the final hearing held July 23, 1968. As for the latter, we consider the provision as merely directory and not mandatory. Cf. N.J. State Hotel-Motel Ass'n v. Male, 105 N.J. Super. 174, 177 (App. Div. 1969).
As for Union's first argument, the answer is to be found in the recent case of National Community Bank of Rutherford v. Howell, 106 N.J. Super. 317, 323 (App. Div. 1969). The Commissioner expressly made it a condition of his approval of Springfield's charter that
It is understood that an executive officer, who will be in charge of the management of the affairs of the bank, and who will be acceptable to me, will be engaged prior to the request for a Certificate of Authority to commence business.
Affirmed.