109 N.J. Super. 149 (1970)
262 A.2d 709
IN THE MATTER OF THE APPLICATION OF PEOPLES BANK OF RIDGEWOOD FOR A CHARTER FOR A BANK TO BE LOCATED AT 21 NORTH MAPLE AVENUE, IN THE VILLAGE OF RIDGEWOOD, COUNTY OF BERGEN AND STATE OF NEW JERSEY, CITIZENS FIRST NATIONAL BANK OF RIDGEWOOD, OBJECTOR-APPELLANT.
IN THE MATTER OF THE APPLICATION FOR A CHARTER FOR PEOPLES BANK OF RIDGEWOOD, TO BE LOCATED AT 21 NORTH MAPLE AVENUE, VILLAGE OF RIDGEWOOD, COUNTY OF BERGEN, NATIONAL COMMUNITY BANK OF RUTHERFORD, APPELLANT,
v.
HORACE J. BRYANT, JR., COMMISSIONER OF BANKING AND INSURANCE, AND PEOPLES BANK OF RIDGEWOOD, RESPONDENTS.
[A-1773-68, A-1923-68].
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1970.
Decided February 9, 1970.
*150 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Walter W. Weber, Jr. argued the cause for appellant Citizens First National Bank of Ridgewood (Messrs. Weber Muth & Weber, attorneys; Mr. Lewis J. Spitz, on the brief).
Mr. Richard J. Ryan argued the cause for appellant National Community Bank of Rutherford (Messrs. Morrison, Lloyd & Griggs, attorneys).
Mr. Bennett H. Fishler, Jr. argued the cause for respondent Peoples Bank of Ridgewood (Messrs. MacFall and Fishler, attorneys; Mr. Walter Olenich, on the brief).
Mr. Arthur J. Sills, Attorney General, filed a statement in lieu of brief on behalf of respondent Commissioner of Banking and Insurance (Mr. Joel L. Shain, Deputy Attorney General, on the brief).
*151 PER CURIAM.
National Community Bank of Rutherford and Citizens First National Bank of Ridgewood appeal from the Commissioner of Banking and Insurance's approval of an application for a charter by Peoples Bank of Ridgewood.
Peoples Bank of Ridgewood is an affiliate of Peoples Trust of New Jersey. Section 6 of L. 1968, c. 415 (N.J.S.A. 17:9A-3.1) provides that no officer, director or employee of any bank may directly or indirectly be an incorporator of another bank. Chapter 415 was approved January 17, 1969, and section 8 provided that the act was to take effect six months from the date of its approval, i.e., July 17 (or 18), 1969. The Commissioner approved the charter on July 8, 1969, only a few days before the deadline. Had L. 1968, c. 415, § 6 been effective on July 8, 1969, the Commissioner could not have approved the charter because the incorporators of Peoples Bank of Ridgewood are officers and directors of Peoples Trust of New Jersey. That not being the case here, and all other things aside, the Commissioner could act on the pending application for a bank charter. Cf. Application for Charter for Springfield State Bank, 107 N.J. Super. 230, 233-234 (App. Div. 1969), certif. den. 55 N.J. 312 (January 13, 1970).
The apparent haste with which the Commissioner had to act produced a procedural result we consider to be improper. At the time of the last hearing toward the end of May 1969, the hearing officer noted that he would not submit a report to the Commissioner. N.J.S.A. 17:1-8.8 provides that the Commissioner "may dispense with the preparation of such report and determine the matter upon the record presented, allowing the party or parties to the hearing an opportunity to file briefs or present oral argument prior to his determination." Despite this language, the objectors were not permitted to file a brief or present oral argument prior to the Commissioner's determination.
Although the Commissioner could dispense with the hearer's report and determine the matter on the record of the hearing, he was obliged to give the objectors an opportunity *152 to file briefs or present oral argument. The statute clearly so provides, and due process calls for nothing less. As was said in In re Masiello, 25 N.J. 590, 600 (1958), a fair hearing before an administrative agency means "a hearing of evidence and argument, and judgment thereon."
Accordingly, we remand this matter to the Department of Banking and Insurance so that the new Commissioner may proceed in the manner set out in N.J.S.A. 17:1-8.8, giving the objectors an opportunity to file briefs or make oral argument. This should be done and the Commissioner make and file his determination with the court within 45 days. The parties will then, within ten days of such determination, file with the court such supplemental briefs as they deem necessary. We retain jurisdiction.
Remanded for further proceedings in accordance with this opinion.